IN this cause, M'Kean C. J. said, that he had ruled it in a case at Lancaster, that the lessor of the plaintiff shall not be obliged to shew his title further back, than from the person who last died seized, first shewing the estate to be out of the Proprietaries, or the commonwealth.
It was objected by Lewis and Clymer, that a sheriff’s deed of sale of lands, under a writ of venditioni exponas, not being recorded in the Rolls Office, according to the Act of Assembly of 1774, could not be read in evidence.-Sed non allocatur: Because it was acknowledged *69 in court, and the registring of it in the Prothonotary’s office (as is always done) is a sufficient recording within the act.
Sergeant and Ingersol opposed the reading a deed in evidence, upon this ground: that by the* act of assembly last mentioned, all deeds not recorded in the Rolls Office, according to the particular directions of that act, are declared void as against subsequent purchasers, and therefore, though this deed was dated before the sheriff’s deed, under which the defendant claimed, yet as it was not recorded till afterwards, they insisted it was void, and could be no evidence at all.—Sed non allocatur: And M'Kean C. J. said, we cannot hinder the reading of a deed under seal, but what use will be made of it is another thing: and he cited the case of Ford v. Lord Grey 6. Mod. 44.†

 See 1 St. L. 78. 520.

 See ant. p. 63 M'Dill's Lessee versus M'Dill.